**IT IS ORDERED as set forth below:**



Date: March 24, 2021

_____
**Wendy L. Hagenau
U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 18-62747-WLH |
| MARC MILTON JONES, | |
| | CHAPTER 7 |
| Debtor. | |

### ORDER ON OBJECTION TO PROOF OF CLAIM NO. 19 FILED BY DEBTOR ON BEHALF OF UNITED STATES DEPARTMENT OF THE TREASURY, INTERNAL REVENUE SERVICE

**THIS MATTER** is before the Court on the Chapter 7 Trustee's Objection to Proof of Claim No. 19 filed by Debtor on Behalf of United States Department of the Treasury, Internal Revenue Service ("IRS") (Doc. No. 123) (the "Objection"). Debtor responded in opposition, and the Trustee filed a reply in support of the Objection. The Court held a hearing on the Objection on March 18, 2021 at which counsel for the Trustee, Neil Gordon, and counsel for the Debtor, Bob Schwartz, appeared telephonically.

1

Debtor filed for relief under Chapter 7 of the bankruptcy code on August 2, 2018. On September 10, 2018, the Court entered a notice setting the deadline for governmental proofs of claim on January 29, 2019 (Doc. No. 13). The notice was not served on the IRS (Doc. No. 15). On December 31, 2018, Debtor filed a motion to convert the case to one under Chapter 13 (Doc. No. 28). The Court granted the request, and the case was converted to Chapter 13 on January 7, 2019 (Doc. No. 29). On January 8, 2019, the Court entered a second notice setting a new deadline for governmental units to file a proof of claim by July 8, 2019 (Doc. No. 30). The second notice was not served on the IRS (Doc. No. 42). The case came before the Court on the Debtor's proposed Chapter 13 plan and the Chapter 13 Trustee's Objection to Confirmation and Exemptions and Request to Re-Convert Case to Chapter 7 (Doc. No. 51), and the case was re-converted to a Chapter 7 proceeding on June 26, 2019 (Doc. No. 83). A new notice was entered on July 5, 2019 instructing creditors, "No property appears to be available to pay creditors. Therefore, please do not file a proof of claim now. If it later appears that assets are available to pay creditors, the clerk will send you another notice telling you that you may file a proof of claim and stating the deadline." (Doc. No. 86.)

On December 6, 2019, Debtor filed proof of claim no. 19 on behalf of the IRS for 2018 income tax, interest, and penalties totaling $4,071.53. On February 29, 2020, Debtor amended the proof of claim to add $2,003.95 for 2017 income tax, interest, and penalties for a total claim of $6,182.46.

The Trustee filed the Objection on February 4, 2021. The Trustee contends the proof of claim should be disallowed in its entirety because it was not timely filed. Alternatively, the Trustee states the Court should disallow the portion of the proof of claim related to the 2018 taxes since they are not payable from property of the estate because the taxes were incurred post-petition and

the Debtor did not make a short-year tax election. Debtor responded in opposition and contends the proof of claim was timely filed because the deadlines for governmental claims had not occurred at the time of each conversion, the IRS did not receive notice of the applicable original Chapter 7 bar date and subsequent Chapter 13 bar date and the Court did not set a deadline to file claims in the re-converted Chapter 7 case.

There is no dispute the 2017 taxes are a pre-petition debt and payable from the estate. The question is whether the claim is timely. Bankruptcy Rule 3002(c) governs the time within which proofs of claim must be filed in Chapter 7, 12, and 13 cases. A proof of claim filed by a governmental unit—other than a taxing authority whose claim in a Chapter 13 case results from a prepetition tax return—is timely filed if it is filed not later than 180 days after the date of the order for relief. Fed. R. Bankr. P. 3002(c); see also 11 U.S.C. § 502(b)(9). Bankruptcy Rule 1019(2)(A) begins a new time period for filing proofs of claim when a case is converted from Chapter 13 to Chapter 7, unless the case was previously converted from Chapter 7 to Chapter 13 and the time for filing claims had expired in the original Chapter 7 case. Fed. R. Bankr. P. 1019(2)(A). Bankruptcy Rule 3004 permits the debtor to file a claim for any creditor, including the IRS, if the creditor does not timely file a proof of claim. Fed. R. Bankr. P. 3004. The debtor has 30 days after the expiration of the time for filing claims to do so. Id.

When the Debtor filed the case under Chapter 7, the bar date for governmental claims was January 29, 2019. The case was converted to Chapter 13 on January 7, 2019, before the original Chapter 7 governmental bar date. Upon conversion, a notice was sent setting a new deadline for governmental units to file a proof of claim by July 8, 2019. The case was reconverted on June 26, 2019, before the Chapter 13 governmental bar date. The time for filing governmental claims did not expire in the original Chapter 7 case and, pursuant to Bankruptcy Rule 1019, reconversion of

3

the case initiated a new time period for filing claims. In this case, however, creditors were instructed to not file claims and there was no deadline for governmental claims in the reconverted Chapter 7 case.

The deadline for governmental claims never occurred in the original Chapter 7 case, once the case converted to Chapter 13, or in the reconverted Chapter 7 case. Because the time for filing governmental claims never expired, the 30 days for the Debtor to file a claim pursuant to Rule 3004 never ran, and Debtor's filing (and amendment, even if new) was not late. Accordingly, the claim for 2017 taxes is not time barred.

Even if the claim were untimely, the claim would be allowed as a tardily filed claim entitled to distribution. Distribution of property in a Chapter 7 case is governed by section 726 which provides, claims of the kind specified in, and in the order specified in, section 507 are first in payment. 11 U.S.C. § 726(a)(1). Section 726(a)(1) permits a tardy priority claim to be considered on a par with timely filed priority claims for purposes of distribution if the claim is filed on or before the earlier of 10 days after the mailing of the summary of the trustee's final report to creditors or the date on which the trustee commences final distribution. Id. The claim for 2017 taxes is of a kind specified in section 507(a)(8), which grants eighth priority to certain taxes. The Trustee has not yet filed a final report or commenced his final distribution. Thus, the deadline to assert a priority claim under section 507 entitled to first distribution status under section 726(a)(1) has not passed in this case. Accordingly, the 2017 tax claim is entitled to distribution pursuant to section 726(a)(1).

Having determined Debtor's claim for 2017 taxes is timely and entitled to distribution, the Court must determine whether the claim for 2017 taxes should be allowed in full. Debtor's amended claim includes $1,823.06 for taxes owed, $128.72 for interest charges, and a $52.17

failure-to-pay penalty. The Trustee contends the penalty portion of the claim should be disallowed but he has not cited any basis for disallowance.

Section 507(a)(8)(G) gives priority to allowed unsecured claims of governmental units for tax penalties that are compensation for actual pecuniary loss. 11 U.S.C. § 507(a)(8)(G). Section 726, in turn, provides penalties considered compensation for actual pecuniary loss are first in order of distribution under section 726(a)(1). 11 U.S.C. § 726(a)(1). Prepetition tax penalties that are not compensation for actual pecuniary loss are fourth in order of distribution and subordinate to general unsecured claims under section 726(a)(4). 11 U.S.C. § 726(a)(4). Courts addressing the issue have generally found that tax penalties levied in addition to interest are punitive in nature, rather than compensatory, and should be subordinated to general unsecured claims. See In re Hovan, Inc., 172 B.R. 974, 975 (Bankr. W.D. Wash. 1994); see also 11 Collier on Bankruptcy P TX4.02 (16th 2020) (explaining that most penalties imposed by the IRS are, by definition, noncompensatory in that they punish prohibited conduct such as failing to file tax returns, pay a tax, or make estimated tax payments). The Court agrees with these courts and finds the penalty portion of the 2017 claim is noncompensatoy and, therefore, is allowed but subordinated pursuant to section 726(a)(4).

Turning to the 2018 taxes, the parties dispute whether they are payable by the estate. The question turns on whether section 348(d) applies, and, if so, if it changes the nature of the debt in any way. Section 348(d) recharacterizes debts that arise after the order for relief but before conversion from Chapter 11, 12, or 13 as if they are pre-petition debts. The section provides:

> A claim against the estate or the debtor that arises after the order for relief but before conversion in a case that is converted under section 1112, 1208, or 1307 of this title, other than a claim specified in section 503(b) of this title, shall be treated for all purposes as if such claim had arisen immediately before the date of the filing of the petition.

5

11 U.S.C. § 348(d).

The Trustee states this section is inapplicable in this case, which was originally filed as a Chapter 7 case. In In re Morris, 155 B.R. 422 (Bankr. W.D. Tex. 1993), the debtor filed bankruptcy under Chapter 7 and incurred gambling debts after filing bankruptcy but before converting his case to one under Chapter 11 and later reconverting the case back to a Chapter 7. The question was whether the gambling debts incurred *after* the filing of a Chapter 7 bankruptcy case, but *prior* to multiple conversions of the case, should be treated as pre-petition claims. The court explained: "[Section 348(d)] applies only with respect to a claim arising in a chapter 11, 12 or 13 case before the case is converted into a chapter 7 case. It does not apply with respect to [a] claim arising in the context of a chapter 7 case which is later converted [to] a case under chapter 11, 12, or 13." Id. at 425 (citing Independent Fire Ins. Co. v. Pender (In re Phillip), 948 F.2d 985, 989 (5th Cir. 1991) (section 348(d) "expressly provides for special treatment of only those claims that arise against the estate during Chapter 11 or Chapter 13 cases that are later converted") (additional citations omitted)). The court concluded section 348(d) did not apply to debts incurred during the pendency of the initial Chapter 7 case.

In In re Hudson, 158 B.R. 670 (Bankr. N.D. Ohio 1993), the bankruptcy court considered the same issue presented here. The debtors filed a Chapter 7 petition on February 12, 1985 and converted their case to Chapter 13 on March 27, 1987. The court concluded the 1985 and 1986 taxes were post-petition taxes. The court explained that section 328(a) specifically states that conversion of a case "does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief." 11 U.S.C. § 362(a). The debtors had tried to apply section 348(d) to their case, but the court found the provision was "clearly inapplicable." Id.

6

at 672.  The court concluded the date for determining whether the debts were pre- or post-petition was the date of the original Chapter 7 filing.  Id.

Here, Debtor filed for relief under Chapter 7 on August 2, 2018.  The claim for 2018 taxes arose on December 31, 2018.  See 11 Collier on Bankruptcy P TX2.05 (16th 2020) (explaining a claim for taxes arises at the close of the taxable year).  The case converted to Chapter 13 on January 7, 2019, after the claim arose.  As in Hudson, section 348(d) is not applicable and does not change the nature of the 2018 taxes.  The Court concludes the 2018 taxes constitute a post-petition debt and are not payable from the estate.

Accordingly,

**IT IS ORDERED** that the Objection is sustained in part and overruled in part.

**IT IS FURTHER ORDERED** that the Objection to the portion of the claim related to Debtor's 2017 taxes is **OVERRULED** and the claim in the amount of is $2,003.95 is deemed **ALLOWED** but the $52.17 failure-to-pay penalty is subordinated and shall be paid pursuant to section 726(a)(4).

**IT IS FURTHER ORDERED** that the Objection to the portion of the claim related to Debtor's 2018 taxes totaling $4,178.51 is **SUSTAINTED** and the claim is **DISALLOWED**.

**END OF ORDER**

**DISTRIBUTION LIST**

Marc Milton Jones
12065 Crabapple Lake Dr
Roswell, GA 30076-4260

Robert D. Schwartz
87 Vickery Street
Roswell, GA 30075

Neil C. Gordon
Chapter 7 Trustee
171 17th Street, NW, Suite 2100
Atlanta, GA 30363-1031